**In re Gregory B. THOMPSON, and Patricia A. Thompson, Debtors.**

No. 06–10024.

United States Bankruptcy Court, N.D. Ohio.

Sept. 26, 2006.

[redacted]

---

Robert C. Biales, Mentor, OH, for Debtors.

MEMORANDUM OF OPINION

ARTHUR I. HARRIS, Bankruptcy Judge.

This Chapter 7 case is currently before the Court on the United States Trustee's motion to dismiss for abuse under 11 U.S.C. § 707(b)(1). At issue is whether payments on the debtor-husband's 401(k) loan may be used to reduce the debtors' current monthly income. For the reasons that follow, the Court finds that the payments are "payments on account of secured debts" for purposes of 11 U.S.C. § 707(b)(2)(A)(iii), thereby negating any presumption of abuse. In the alternative, the Court finds that, even if the presumption of abuse exists, the debtors have rebutted the presumption by demonstrating "special circumstances" that justify additional expenses or adjustments of current monthly income under 11 U.S.C. § 707(b)(2)(B). Accordingly, the United States Trustee's motion to dismiss is denied.

JURISDICTION

The United States Trustee's motion to dismiss this Chapter 7 case for abuse is a core proceeding under 28 U.S.C. § 157(b)(2)(A). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

FINDINGS OF FACT

On May 12, 2006, the Court heard testimony from the debtors, Gregory and Patricia Thompson, and from a bankruptcy analyst employed by the Office of the United States Trustee. After evaluating the testimony and exhibits, the Court makes the following findings of fact.[1]

Gregory Thompson has been employed as an electronics technician with Codonics, Inc., since August 1998. On May 22, 2004, more than nineteen months before the debtors Gregory and Patricia Thompson

1. The findings of fact contained in this memorandum reflect the Court's weighing of evidence, including consideration of the credibility of the witnesses. "In doing so, the court considered each witness's demeanor, the substance of the testimony, and the context in which the statements were made, recognizing that a transcript does not convey tone, attitude, body language or nuance of expression." *In re Parrish*, 326 B.R. 708, 711 (Bankr.N.D.Ohio 2005). Even if not specifically mentioned in this decision, the Court has considered the testimony of all the witnesses, as well as all exhibits admitted into evidence.

filed their petition under Chapter 7, Gregory Thompson borrowed $29,719 against his 401(k) plan with Merrill Lynch. The purpose of the 401(k) loan was to address the Thompsons' longstanding financial difficulties, which had become especially difficult in the last three to four years. The loan is to be repaid with 117 bi-weekly payroll deductions of $263.90, with an APR of 5.23 percent. Under the agreement, fifty percent of Gregory Thompson's vested account balance was pledged as security for repayment of the loan.

In late 2005, the Thompsons consulted with counsel about filing for bankruptcy. On January 5, 2006, the Thompsons filed a voluntary petition under Chapter 7. The debtors listed assets of $152,600.00 and liabilities of $245,468.17. The assets consist of

- a residence in Wickliffe, Ohio, valued at $140,000, subject to a first mortgage with a balance of $127,399.70 and a second mortgage with a balance of $41,276.60
- a 2002 Toyota Camry valued at $6,500, subject to an auto loan with a balance of $5,300
- a 2000 Jeep Cherokee valued at $4,000 subject to an auto loan with a balance of $4,400
- $50 cash on hand
- $200 in one checking account
- $200 in a second checking account
- $1,500 in basic household goods, and
- $150 in basic clothing.

The debtors also included the debtor-husband's interest in a 401(k) account with his employer, Codonics, Inc.

In Amended Schedule I, the debtors indicate that the debtor-husband has been employed as an electronics technician with Codonics, Inc., for seven years and that the debtor-wife has been employed as an office manager with Walco Organization, Inc., for twenty-four years. Gregory Thompson indicates gross monthly income of $3,782.16, with a net monthly take home pay of $1,906.54. Patricia Thompson indicates gross monthly income of $3,674.00, with a net monthly take home pay of $2,555.40.

On February 14, 2006, the debtors amended Schedule D to add a secured claim of a 401(k) loan in the amount of $21,032.27. On the same day, the debtors also amended Form B22A, removing their initial claim of $615 per month in line 26 for "**Other Necessary Expenses: mandatory payroll deductions,**" which was based on the automatic payroll deduction of $263.90 bi-weekly for repayment of Gregory Thompson's 401(k) loan. In the amended Form B22A, the Thompsons added $350.54 to line 42.b for "**Future payments on secured claims,**" which was based on the balance owed on the 401(k) loan—$21,032.27—divided by 60. In neither the initial Form B22A nor the amended Form B22A did the Thompsons include the 401(k) loan repayment obligation in line 56 for "**Other Expenses.**" During the evidentiary hearing, however, the Thompsons did argue, in the alternative, that this obligation was an "Other Necessary Expense," even if it did not fall within the definition for line 26—"**Other Necessary Expenses: mandatory payroll deductions.**" Moreover, during the evidentiary hearing, the Court indicated, without opposition from the United States Trustee, that the Court would permit the Thompsons to assert their "Other Necessary Expense" claim as an alternative argument, even though the expense was not listed in line 56, since the United States Trustee was aware of this claim—the same debt was claimed in a separate place of Form B22A—and since Bankruptcy Rule 1009 provides for a general right to amend schedules and statements "as a matter of course at any time before the case is closed."

## DISCUSSION

For Chapter 7 cases filed on or after October 17, 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) includes a means test set forth primarily in subsection 707(b) of the Bankruptcy Code. 11 U.S.C. § 707(b)(1) provides in pertinent part:

> After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter....

The formula for determining whether a presumption of abuse exists under 11 U.S.C. § 707(b) is contained in 11 U.S.C. § 707(b)(2)(A) and provides in pertinent part:

> (i) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter, the court shall presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of—
>
>> (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,000, whichever is greater;  or
>>
>> (II) $10,000.
>
> (ii)(I) The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides....

> Notwithstanding any other provision of this clause, the monthly expenses of the debtor shall not include any payments for debts....

> \* \* \* \*

> (iii) The debtor's average monthly payments on account of secured debts shall be calculated as the sum of—
>
>> (I) the total of all amounts scheduled as contractually due to secured creditors in each month of the 60 months following the date of the petition; and
>>
>> (II) any additional payments to secured creditors necessary for the debtor, in filing a plan under chapter 13 of this title, to maintain possession of the debtor's primary residence, motor vehicle, or other property necessary for the support of the debtor and the debtor's dependents, that serves as collateral for secured debts;
>
> divided by 60.

Should the presumption of abuse arise, it may be rebutted by demonstrating "special circumstances" pursuant to 11 U.S.C. § 707(b)(2)(B), which provides in pertinent part:

> (i) In any proceeding brought under this subsection, the presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.

> (ii) In order to establish special circumstances, the debtor shall be required to itemize each additional expense or adjustment of income and to provide—
>
>> (I) documentation for such expense or adjustment to income; and

(II) a detailed explanation of the special circumstances that make such expenses or adjustment to income necessary and reasonable.

(iii) The debtor shall attest under oath to the accuracy of any information provided to demonstrate that additional expenses or adjustments to income are required.

(iv) The presumption of abuse may only be rebutted if the additional expenses or adjustments to income referred to in clause (i) cause the product of the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv) of subparagraph (A) when multiplied by 60 to be less than the lesser of—

(I) 25 percent of the debtor's nonpriority unsecured claims, or $6,000, whichever is greater; or

(II) $10,000.

In the present case, the United States Trustee concedes that if the debtor-husband's 401(k) loan repayment can be deducted under the means test, the presumption of abuse does not arise. Therefore, the narrow issue for the Court is whether the debtor-husband's 401(k) loan repayment can be deducted under any one of three alternative theories asserted by the debtors:

1. The 401(k) loan is a "secured debt" within the meaning of 11 U.S.C. § 707(b)(2)(A)(iii);

2. Repayment of the 401(k) loan constitutes "Other Necessary Expenses" within the meaning of 11 U.S.C. § 707(b)(2)(A)(ii)(I); or

3. Repayment of the 401(k) loan constitutes "special circumstances" under 11 U.S.C. § 707(b)(2)(B) sufficient to rebut the presumption of abuse.

The Court will address each of these arguments separately below.

## IS THE 401(k) LOAN A "SECURED DEBT" WITHIN THE MEANING OF 11 U.S.C. § 707(b)(2)(A)(iii)?

■ The debtors argue that the 401(k) loan constitutes a "secured debt" within the meaning of 11 U.S.C. § 707(b)(2)(A)(iii). Under this clause of section 707, certain secured debts are included in the reductions against the debtors' current monthly income. Based upon the policy explicitly articulated in BAPCPA and the lack of statutory guidance to the contrary, the Court agrees with the debtors and holds that payments on a loan secured by a 401(k) account are "payments on account of secured debts" for purposes of 11 U.S.C. § 707(b)(2)(A)(iii).

■ The Bankruptcy Code does not define "secured debts." The Code defines "debt" as "liability on a claim," and "claim" as "right to payment." 11 U.S.C. § 101(12) & (5), respectively. The Code does not define "secured." The Code does define "secured claim," but this definition incorporates several concepts such as allowance of claims, property of the estate, as well as the state-law concept of a lien. *See* 11 U.S.C. § 506(a)(1). Thus, without a definition provided in the Code, the Court must look to the common, ordinary meaning of the term. *See Rousey v. Jacoway*, 544 U.S. 320, 330, 125 S.Ct. 1561, 161 L.Ed.2d 563 (2005) (looking to the ordinary meaning of terms not defined by Bankruptcy Code). A "secured debt" is nothing more than "a debt backed by collateral." *Black's Law Dictionary* 331 (7th ed. (abridged) 2000). Thus, a debt secured by a 401(k) plan is a "secured debt," even though it is not a "secured claim" since the 401(k) funds are not property of the estate under 11 U.S.C. § 541(b)(7).

A broad definition of "secured debt" comports with Official Form B22A, the form in which the means test is calculated. Subpart C, line 42 instructs,

For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment.[2]

A 401(k) plan is owned by the debtor, even though the plan funds are not property of the estate and even though the plan funds are not generally available for withdrawal. *See generally* 11 U.S.C. § 541(b)(7); 26 U.S.C. § 401. Thus, the Official Form appears to encompass 401(k) loans.

In his post-hearing brief, the U.S. Trustee argues that under Part V, line 55 of Official Form B22C, which is applicable to debtors filing under Chapter 13, payments on 401(k) loans are only to be deducted in Chapter 13 cases and only for purposes of determining disposable income. Line 55 of Official Form B22C instructs:

> Enter the monthly average of (a) all contributions or wage deductions made to qualified retirement plans, as specified in § 541(b)(7) and (b) all repayments of loans from retirement plans, as specified in § 362(b)(19).

Under the Court's analysis, a Chapter 13 debtor could enter 401(k) loan payments on either line 47 of Official Form B22C as payments on account of secured debts or on line 55 as "repayments of loans from retirement plans," but not both. If the debtor owed some sort of unsecured debt of the type specified in § 362(b)(19), those payments would be included on line 55, not line 47. Moreover, the Advisory Committee Notes for Part V of Official Form B22C justify the explicit inclusion of loan payments on new subsection 1322(f), which provides that repayments of loans specified in § 362(b)(19) "shall not constitute 'disposable income' under section 1325." The Court reads this new provision to overrule *In re Harshbarger,* 66 F.3d 775 (6th Cir.1995); it neither mandates a specific line item deduction, nor does it preclude inclusion of retirement loan repayments as "payments on account of secured debts." In short, the mere fact that the form for Chapter 13 debtors includes a specific line item based upon new subsection 1322(f) does not mean that the same expense is unavailable as "payments on account of secured debts" for debtors filing under Chapter 7, if that is what those payments are.

■ Section 224 of BAPCPA, captioned **"Protection of Retirement Savings in Bankruptcy,"** also suggests that loans secured by 401(k) plans are "secured debts." First, subsection 224(c) amends section 523 of the Bankruptcy Code to except from discharge certain debts "owed ... to a plan established under section 401 ... of the Internal Revenue Code...." Thus, a 401(k) loan is certainly a debt, and a non-dischargeable debt at that. That it is a secured debt is equally clear. Unsecured loans from 401(k) plans to plan participants are prohibited by ERISA; only loans that are "adequately secured" are permitted. *See* 29 U.S.C. §§ 1106 & 1108. Moreover, the loan documents indicate that the debtor-husband did in fact grant a security interest in his "vested accrued benefit." This appears to be a valid security interest, and the Bankruptcy Code takes property interests as it finds them. *See Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

Second, subsection 224(b) amends subsection 362(a) so that the automatic stay does not apply to the withholding and collection of a debtor's wages to the extent that the amounts withheld and collected

---

**2.** The Court recognizes that line 42 is captioned **"Future payments on *secured claims* "** (italics added), but the statute, which must control, refers to "secured debts." How a particular debt is classified or captioned on a form or schedule does not alter the status of that debt under the Bankruptcy Code.

are used solely for payments related to a loan from a 401(k) plan. Thus, payments of the sort at issue in this case are to be made postpetition and are unaffected by the automatic stay. That the payments are to continue to be made is consistent with the secured status of a 401(k) loan and the express legislative intent of section 224 of BAPCPA, which is captioned **"Protection of Retirement Savings in Bankruptcy."** That the automatic stay does not affect withholding of amounts to pay these debts simply reflects the fact that the 401(k) plan does not become property of the estate and is not to be administered by the trustee. *Cf. United States Internal Revenue Serv. v. Snyder*, 343 F.3d 1171, 1179 (9th Cir.2003) (IRS claim secured by liens on debtor's ERISA-qualified pension plan was not secured for purposes of section 506 because the plan was not property of the estate, but liens remained valid and enforceable outside of bankruptcy).

Finally, the express policy of BAPCPA requires that payments on a 401(k) loan be included as "payments on account of secured debts" and thus deducted from current monthly income. As noted above, section 224 of BAPCPA is captioned **"Protection of Retirement Savings in Bankruptcy."** Among the provisions included in this section of BAPCPA are amendments that (1) prevent a trustee and creditor from garnishing wages used to repay a 401(k) loan, and (2) exclude any amounts required to repay such loan from the definition of "disposable income" under 11 U.S.C. § 1325. As noted above, by excluding any amounts required to repay such loan from the definition of "disposable income" under 11 U.S.C. § 1325, Congress expressly overruled case law to the contrary in this Circuit. *See In re Harshbarger*, 66 F.3d at 777–78 (disposable income includes funds earmarked for reimbursement of debtor's own ERISA account). From a policy standpoint, it makes little sense that Congress would expressly exclude any amounts required to repay 401(k) loans from the definition of "disposable income" under 11 U.S.C. § 1325, yet include such income for purpose of determining abuse under section 707(b). *Cf.* 11 U.S.C. § 707(b)(2)(A)(ii)(III) (excluding Chapter 13 administrative expenses for debtors eligible for Chapter 13). *But see In re Barraza*, 346 B.R. 724 (Bankr. N.D.Tex.2006) (disallowing claimed deduction under subsection 707(b) for repayment of 401(k) loans).[3]

For these reasons, the payments on the 401(k) loan are "payments on account of secured debts" under 11 U.S.C. § 707(b)(2)(A)(iii). These payments may be deducted from the debtor's current monthly income, as they are in the debtors' amended Form B22A. With this deduction, the presumption of abuse does not arise, so the U.S. Trustee's motion must be denied.

## *DOES REPAYMENT OF THE 401(K) LOAN CONSTITUTE "OTHER NECESSARY EXPENSES" WITHIN THE MEANING OF 11 U.S.C. § 707(b)(2)(A)(ii)(I)?*

■ The debtors contend, in the alternative, that repayment of the debtor-husband's 401(k) loan constitutes "Other Necessary Expenses" within the meaning of 11 U.S.C. § 707(b)(2)(A)(ii)(I). Subclause (I) states, however, that "the monthly expenses of the debtor shall not include any payments for debts." For the reasons

---

**3.** Although Judge Nelms held that a debtor's 401(k) loan repayment is not a "other necessary expense" within the meaning of 11 U.S.C. § 707(b)(2)(A)(ii)(I), he confessed that he does not know why Congress would presume under section 707(b)(2)(A) that this amount of money could be used to pay unsecured creditors and then deny unsecured creditors access to that money in Chapter 13. 346 B.R. at 731.

stated above, the payments on the loan are payments for debts. Therefore, the payments cannot be included in the debtors' monthly expenses as "Other Necessary Expenses" under subclause (I) of section 707(b)(2)(A)(ii).

### SPECIAL CIRCUMSTANCES

■ Should a reviewing Court determine that payments on the 401(k) loan are not "payments on account of secured debts," the Court holds, in the alternative, that the debtors have rebutted the presumption of abuse by demonstrating "special circumstances ... that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative." The Court does not believe that all 401(k) loan repayment obligations fall categorically within the definition of "special circumstances." *Cf. United States v. Noland,* 517 U.S. 535, 543, 116 S.Ct. 1524, 134 L.Ed.2d 748 (1996) (bankruptcy court may not equitably subordinate claims on a categorical basis at which Congress itself operated in drafting the Code). Rather, the language of the "special circumstances" provision implies fact-specific circumstances, such as a serious medical condition or a call to active military duty, "that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative." For example, a 401(k) loan taken out in contemplation of a bankruptcy filing, without an emergency financial need, would almost certainly fail to meet the "no reasonable alternative" language of 11 U.S.C. § 707(b)(2)(B)(i).

Although there is little case law analyzing the new "special circumstances" provision of 11 U.S.C. § 707(b)(2)(B),[4] the two examples provided in the statute—a serious medical condition and a call to active

duty in the Armed Forces—both share the elements of a distinctive situation that justifies additional expenses or adjustment of income for which there is no reasonable alternative. While "serious medical condition" is not a defined term, a similar term—"serious health condition"—is defined in Section 101(11) of the Family and Medical Leave Act of 1993 (FMLA), and is codified at 29 U.S.C. § 2611(11):

> The term "serious health condition" means an illness, injury, impairment, or physical or mental condition that involves—
>
> > (A) inpatient care in a hospital, hospice, or residential medical care facility; or
> >
> > (B) continuing treatment by a health care provider.

29 U.S.C.A. § 2611(11). *See also* 29 C.F.R. § 825.114 (U.S. Department of Labor's regulation interpreting statutory definition of "serious health condition" under FMLA). It should be noted that in neither example in the Bankruptcy Code are the "special circumstances" necessarily of an entirely involuntary nature. The serious health condition could stem from a self-inflicted injury, and an individual called to active duty could have voluntarily enlisted as a reservist.

In the present case, the debtor-husband's 401(k) loan was not made in contemplation of bankruptcy, but in an effort to address the family's continued and worsening financial difficulties. Having taken out the 401(k) loan more than nineteen months before filing for bankruptcy, there was no way for Gregory Thompson to terminate the automatic repayment obligation unless he either (1) quit his job, or (2) repaid the loan in full. The first option would have been financially irresponsible,

---

**4.** In *In re Renicker,* 342 B.R. 304, 310 (Bankr. W.D.Mo.2006), Judge Venters denied the debtors' claim of extraordinary expenses for lack of documentation, making further analysis of 11 U.S.C. § 707(b)(2)(B) unnecessary.

778

the second financially impossible. Under the specific circumstances of this case, the debtor-husband's 401(k) repayment obligation constitutes "special circumstances ... that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative." Furthermore, the debtors' testimony under oath and the exhibits admitted into evidence provide the documentation and detailed explanation required to show that the adjustments are necessary and reasonable under 11 U.S.C. § 707(b)(2)(B)(ii). In addition, the United States Trustee has conceded that the presumption of abuse does not arise if the debtor-husband's 401(k) loan repayment obligation results in an adjustment under 11 U.S.C. § 707(b)(2)(B)(iv).

Accordingly, the Court finds, in the alternative, that if a presumption of abuse does arise under 11 U.S.C. § 707(b), the debtors have successfully rebutted that presumption by demonstrating "special circumstances" within the meaning of 11 U.S.C. § 707(b)(2)(B).

## CONCLUSION

For the foregoing reasons, the Court finds that payments on the debtor-husband's 401(k) are "payments on account of secured debts" for purposes of the means test, thereby negating any presumption of abuse. Alternatively, if the presumption of abuse exists, the Court finds that the debtors have rebutted the presumption by demonstrating "special circumstances" that justify additional expenses or adjustments of current monthly income under 11 U.S.C. § 707(b)(2)(B). Accordingly, the United States Trustee's motion to dismiss is denied.

IT IS SO ORDERED.