**In re Carol Jean TEMPLETON and Derek Eugene Williams, Debtors.**

**No. 06–11567 BH.**

United States Bankruptcy Court, W.D. Oklahoma.

March 8, 2007.

---

Charles E. Snyder, Office of the United States Trustee, Oklahoma City, Assistant United States Trustee.

Gabriel Rivera, Moore, OK, Counsel for Debtors.

### ORDER DENYING UNITED STATES TRUSTEE'S MOTION TO DISMISS PETITION

RICHARD L. BOHANON, Bankruptcy Judge.

The United States Trustee (UST) moves to dismiss the Debtors' Chapter 7 petition on grounds that they have failed to rebut the presumption of abuse by demonstrating "special circumstances." For the rea-

sons set forth below, the Court hereby denies the UST's motion.

### Background

The parties have stipulated to the relevant facts and filed corresponding briefs in support of their respective positions. Those stipulations are summarized as the following:

1. The UST filed its motion to dismiss the Debtors' petition based on the statutory presumption of abuse arising under 11 U.S.C. § 707(b)(2), and the Debtors objected.

2. The parties agreed to submit this contested matter on stipulated facts and on the briefs.

3. They agree that the statutory presumption of abuse under § 707(b)(2) arises in this case.

4. The parties agree that the Debtors' debts are primarily consumer debts.

5. They further stipulate that the Debtors' schedules reflect $134,058 in unsecured debt, $72,000 of which is from non-dischargeable student loans. The Debtors' monthly disposable income is $277.63 according to line 50 of Form B22A.

6. The parties also agree that the Debtors believe that their student loans are not eligible for consolidation or deferment.

7. The parties agree that the only legal issue to be decided is whether the amount of the Debtors' non-dischargeable student loans represent special circumstances under § 707(b)(2)(B) such that they have rebutted the presumption of abuse.

Additionally, the Debtors have submitted their affidavit wherein they attest that their monthly payment on the student loans is $425 and that it will increase in April 2007 to $519. This affidavit is supported by statements reflecting the amount of the student loans. Because the UST does not object, the Court will accept the Debtors' affidavit as true and correct.

### Discussion

■ This order will constitute the findings of facts and conclusions of law required by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

This case arises under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). A key component of BAPCPA is the "means test." This statutory device is intended to meet the laudable goal of requiring debtors that can afford to repay a portion of their debts to do so, namely through a Chapter 13 plan. *See* Eugene R. Wedoff, *Means Testing in the New § 707(b)*, 79 Am. Bankr. L.J. 231 (Spring 2005). Here, application of the means test results in the statutory presumption of abuse arising.[1] It then falls on the Debtors to rebut this presumption by demonstrating "special circumstances."

The applicable portion of the Bankruptcy Code provides:

(B)(i) In any proceeding brought under this subsection, the presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that justify additional ex-

---

1. Because this case does not involve consideration of the means test, the Court will not elaborate on its mechanics. However, several published cases highlight the intricacies of the calculations and analyses required under the means test. *See In re Harris*, 353 B.R. 304 (Bankr.E.D.Okla.2006); *In re Oliver*, 350 B.R. 294 (Bankr.W.D.Tex.2006); *In re Lenton*, 358 B.R. 651 (Bankr.E.D.Pa.)

penses or adjustments of current monthly income for which there is no reasonable alternative.

(ii) In order to establish special circumstances, the debtor shall be required to itemize each additional expense or adjustment of income and to provide—

(I) documentation for such expense or adjustment to income; and

(II) a detailed explanation of the special circumstances that make such expenses or adjustment to income necessary and reasonable.

(iii) The debtor shall attest under oath to the accuracy of any information provided to demonstrate that additional expenses or adjustments to income are required.

(iv) The presumption of abuse may only be rebutted if the additional expenses or adjustments to income referred to in clause

(i) cause the product of the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv) of subparagraph (A) when multiplied by 60 to be less than the lesser of—

(I) 25 percent of the debtor's nonpriority unsecured claims, or $6,000, whichever is greater; or (II) $10,000.

11 U.S.C. § 707(b)(2)(B).

■ There are no published decisions on point. However, the few decisions available provide a few general guidelines. First, "special circumstances" is a fact-specific consideration. *See In re Thompson,* 350 B.R. 770, 777 (Bankr.N.D.Ohio 2006); *In re Lenton,* 358 B.R. 651 (Bankr. E.D.Pa.). Also, courts are given broad discretion in making a determination if a particular case presents "special circumstances." *See In re Tranmer,* 355 B.R. 234 (Bankr.D.Mont.2006).

■ The examples listed in § 707(b)(2)(B)—a medical condition and military service—are not exhaustive, but are merely examples where Congress found there to be special circumstance "for which there is no reasonable alternative." *See In re Thompson,* 350 B.R. at 777. Moreover, the language of the statute makes clear that the Debtors must present documentation for each additional expense; must present a detailed explanation for the additional expenses; and must attest under oath to the accuracy of those records. *See* § 707(b)(2)(B).

Here, the Court concludes that the Debtors have carried their burden to document the additional expenses for their student loans. (*See* Debtors' Brief in Support, Ex. A; Debtors' Aff. ¶ 2–3.) The Court further finds that they have provided a detailed explanation for the additional expenses, namely that the loans were used to pay for their education and pertinent living expenses. (*See* Stip. at ¶ 6–7.) The Debtors have supported the accuracy of their records via their affidavit.

The key issue remaining is whether the Debtors are left without a reasonable alternative, and the Court concludes that the Debtors do not have any reasonable alternative other than to pay the student loans. It is undisputed that the student loans are non-dischargeable, that the Debtors are not eligible for consolidation, and that they are not eligible for deferment of the student loans. In short, there is nothing within the Debtors' power to reduce or otherwise avoid the additional expense of the student loans.

In this regard, the Court concludes that the instant case is similar to *In re Thompson* and *In re Lenton.* In both cases, the presumption of abuse arose, but the debtors successfully proved "special circumstances" where they were required to make payments on a loan secured by their

401(k) account at work. In both instances, the loan payments were automatically deducted from the debtors' pay. That deduction was mandatory and would continue as long as the debtors continued their employment. The only way to stop making the payments was to quit their jobs. *See In re Thompson,* 350 B.R. at 777–78; *In re Lenton,* 358 B.R. 651, 661–62.

The UST argues that the student loans do not rise to the level of being beyond the Debtors' control because the Debtors controlled their borrowing. The Court fundamentally rejects this argument. As explained in *In re Thompson,* "It should be noted that in neither example in the Bankruptcy Code are the 'special circumstances' necessarily of an entirely involuntary nature. The serious health condition could stem from a self-inflicted injury, and an individual called to active duty could have voluntarily enlisted as a reservist." *In re Thompson,* 350 B.R. at 777.

Finally, the Code provides that the presumption of abuse can only be rebutted when the resulting calculations satisfy § 707(b)(2)(B)(iv). Here, inclusion of the student loans in the Debtors' expenses results in negative monthly income. (*See* Stip. at ¶ 3 & Att. Form B22A.) Thus, this final requirement is satisfied here.

For these reasons, the Court holds that the Debtors have rebutted the presumption of abuse and shown "special circumstances" as required by § 707(b)(2)(B), and the UST's motion to dismiss the petition must be denied.

### Conclusion

Accordingly, the UST's motion to dismiss is hereby denied.