**IN RE: Suzanne Denise CHABRE, Debtor.**

**Case No. 3:14–bk–4981–PMG**

United States Bankruptcy Court, M.D. Florida, **Jacksonville Division.**

Signed May 27, 2015

Lawrence J. Bernard, Lawrence J. Bernard, P.A., Jacksonville, FL, Evan S. Singer, Timothy D. Padgett PA, Tallahassee, FL, for Creditor.

Scott Bomkamp, United States Trustee, Orlando, FL, for U.S. Trustee.

Richard A. Perry, Attorney at Law, Ocala, FL, for Debtor.

## ORDER ON ACTING UNITED STATES TRUSTEE'S MOTION TO DISMISS PURSUANT TO 11 U.S.C. SECTION 707(b)(1) BASED ON PRESUMPTION OF ABUSE ARISING UNDER 11 U.S.C. SECTION 707(b)(2)

PAUL M. GLENN, United States Bankruptcy Judge

**THIS CASE** came before the Court for a final evidentiary hearing to consider the Motion of the Acting United States Trustee (UST) to Dismiss Pursuant to 11 U.S.C. Section 707(b)(1) based on Presumption of Abuse arising under 11 U.S.C. Section 707(b)(2). (Doc. 16).

Under § 707(b)(2)(A) of the Bankruptcy Code, Chapter 7 debtors are subject to a "means test" to determine whether they have the ability to pay their creditors. If the means test indicates that a debtor has the ability to pay his creditors, a presumption arises that his case is an abuse of the provisions of Chapter 7. Under § 707(b)(2)(B), however, the debtor may rebut the presumption of abuse by showing "special circumstances" regarding his income or expenses.

In this case, the means test completed by the Debtor shows annualized income in the amount of $107,123.88. After certain corrections are made to her expenses and deductions from income, the presumption arises under § 707(b)(2)(A) that her case is an abuse of the provisions of Chapter 7.

The Debtor has adequately rebutted the presumption pursuant to § 707(b)(2)(B), however, because she has demonstrated the existence of special circumstances that justify her payment of additional expenses not included on the means test. Specifically, the Debtor showed that she incurs additional expenses for the support of disabled family members, and also for the treatment of her own medical conditions, and

that there is no reasonable alternative to her payment of the additional expenses.

For these reasons, the Court determines that the granting of relief to the Debtor would not be an abuse of the provisions of Chapter 7, and the UST's Motion to dismiss the case should be denied.

### Background

The Debtor, Suzanne Denise Chabre, is 59 years old, is not married, and has no dependent children. She is employed as a Transport Manager for Mode Transportation.

The Debtor filed a petition under Chapter 7 of the Bankruptcy Code on October 9, 2014.

On her schedule of assets filed in the Chapter 7 case, the Debtor listed her homestead real property located in Ocala, Florida, with a scheduled value of $125,000.00, and a scheduled mortgage in the amount of $175,021.21. She also listed personal property with a total value of $54,530.92, consisting primarily of a 401K account valued at $6,000.00, a 2014 Ford Fiesta valued at $13,000.00, and a 2013 Ford Taurus valued at $32,000.00.

On her schedule of liabilities, the Debtor listed Green Tree as a secured creditor holding the mortgage on her homestead, and Ford Credit as a secured creditor holding purchase money liens on the two vehicles. She also listed creditors holding general unsecured claims in the total amount of $96,798.58.

On her Statement of Intention filed with the petition, the Debtor indicated that she intended to surrender her homestead real property and the 2014 Ford Fiesta.

### Discussion

The UST filed a Motion to Dismiss the Debtor's Chapter 7 case pursuant to § 707(b) of the Bankruptcy Code. (Doc. 16).

Section 707(b)(1) provides that the Court may dismiss a Chapter 7 case if it finds that the granting of relief would be an abuse of the provisions of Chapter 7. 11 U.S.C. § 707(b)(1).

Section 707(b)(2) provides a method to determine whether a debtor's case is presumptively abusive for purposes of dismissal under § 707(b)(1). Generally, the section provides that the Court shall presume that abuse exists if the debtor's current monthly income, reduced by the expenses or payments determined under subsection § 707(b)(2), is greater than certain threshold amounts set forth in the section. 11 U.S.C. § 707(b)(2)(the "Means Test").

If the presumption does not arise under § 707(b)(2), § 707(b)(3) provides that the Court may nevertheless determine whether the case is abusive based on the debtor's bad faith or the totality of the circumstances.

In this case, the UST acknowledges that there is no evidence of bad faith by the Debtor. Accordingly, the UST stipulates that it is "only pursuing the Motion to Dismiss under · section 707(b)(2)" of the Bankruptcy Code. (Doc. 37, ¶ 4). In other words, the UST's Motion relates solely to the application of the Means Test under § 707(b)(2) of the Bankruptcy Code.

### A. The presumption

On April 21, 2015, the Debtor filed an Amended Form B22A "Chapter 7 Statement of Current Monthly Income and Means–Test Calculation." (Doc. 36; UST's Exhibit 3). According to the Debtor's Amended Form B22A, the presumption of abuse under § 707(b)(2) does not arise in her case.

The starting point for determining whether the presumption of abuse arises under § 707(b)(2) is the debtor's current monthly income. Certain allowed expenses or payments are then subtracted

from the debtor's current monthly income to produce the debtor's monthly disposable income, and the presumption generally applies if the monthly disposable income multiplied by 60 is greater than $12,475.00.

In this case, the parties stipulate that the Debtor's current monthly income is $8,926.99. (Doc. 37, ¶ 11).

In her Amended Form B22A, the Debtor determined that her allowed expenses under the Means Test equaled the sum of $8,720.03. She therefore subtracted that amount from her current monthly income, and found that her monthly disposable income was $206.96. Because her monthly disposable income multiplied by 60 was less than $12,475.00, the Debtor concluded that the presumption of abuse did not arise in her case.

In determining her deductions from income, the Debtor included the sum of $517.00 as a "transportation ownership" expense on line 23 of Amended Form B22A. That amount is the "ownership cost" for one car pursuant to the IRS Local Standards, as prescribed by the Form.

The Debtor's transportation expense was not calculated in accordance with the Form's instructions for line 23, however, because her vehicle is subject to a lien held by Ford Credit, and her payment to Ford Credit equals the sum of $857.00 per month as reflected on line 42 of the Form.

The second part of line 23 required the Debtor to subtract the lien payment from the IRS Standard to arrive at her final vehicle ownership expense. Consequently, the sum of $857.00 should have been subtracted from $517.00 on Line 23, and the final deduction for her transportation ownership expense on line 23 should have been "zero."

If the entry on line 23 is corrected, the Debtor's total deductions on Form B22A amount to $8,203.03, instead of $8,720.03 as

reflected on the Form. ($8,720.03 minus $517.00 = $8,203.03).

The corrected amount of the Debtor's total deductions is then subtracted from her current monthly income, and the corrected amount of the Debtor's monthly disposable income appears on line 50 of Form B22A as $723.96 ($8,926.99 minus $8,203.03 = $723.96).

If her corrected monthly disposable income ($723.96) is multiplied by 60, the result is $43,437.60.

Because $43,437.60 is greater than $12,475.00, the presumption of abuse arises in this case pursuant to § 707(b)(2)(A) of the Bankruptcy Code.

## B. Special circumstances

█ The presumption of abuse is not conclusive. Under the statutory framework of § 707(b)(2), a debtor has the ability to rebut the presumption by showing the presence of "special circumstances." *In re Littman,* 370 B.R. 820, 829 (Bankr.D.Idaho 2007).

█ Section 707(b)(2)(B) of the Bankruptcy Code provides:

**11 U.S.C. § 707. Dismissal of a case or conversion to a case under Chapter 11 or 13**

. . .

(a)(2)(B)(i) In any proceeding brought under this subsection, the presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.

11 U.S.C. § 707(a)(2)(B)(i). "A Bankruptcy Court has broad discretion to determine on a case by case basis whether special

circumstances exist." *In re Thompson,* 457 B.R. 872, 882 (Bankr.M.D.Fla.2011) (citing *In re Templeton,* 365 B.R. 213, 216 (Bankr.W.D.Okla.2007)).

■ In this case, the Debtor has demonstrated the existence of special circumstances that are sufficient to rebut the presumption of abuse. Her special circumstances fall in two categories: additional expenses for the support of disabled family members, and additional expenses for the treatment of her own medical conditions.

### 1. Support for disabled family members

First, the Debtor has shown that she pays significant additional amounts for the support of disabled members of her family.

With respect to the family support provided by the Debtor, the parties stipulated:

15. The Debtor provides substantial support to family members. The Debtor pays this support to her mother, who in turn distributes it to other family members, including Debtor's mother's 81–year-old twin sister, the Debtor's bipolar cousin, and the Debtor's cousin's daughter, who is also bipolar,

(Doc. 37, ¶ 15). At trial, the Debtor testified that her father has passed away, that her mother is 81 years old, and that her mother receives retirement and social security income in the amount of $4,400.00 per month. Her mother historically has supported the Debtor's sister, who is in chronically poor health, and also has supported the Debtor's niece and nephew, who have disabilities that prevent their employment. Additionally, the Debtor's elderly aunt resides in public housing and requires monthly financial assistance from the Debtor or the Debtor's mother.

The Debtor's mother's income is insufficient to provide for all of the family members' care, in addition to providing for her own living expenses. Consequently, the Debtor supplements her mother's income, and also supplements the financial support furnished to the other family members. The financial support provided by the Debtor includes her payment of bills regularly incurred by the family members, and also includes her payment of certain costs for the condominium where her mother lives.

The UST contends that the family support furnished by the Debtor should not be considered an "additional" expense that qualifies as a special circumstance under § 707(b)(2)(B), because the expense is already captured or included on the Form B22A filed in this case. Specifically, line 35 of Form B22A required the Debtor to enter the expenses that she pays for the care and support of elderly, chronically ill, or disabled members of her household or immediate family. The Debtor completed line 35 by stating that she pays the sum of $908.70 per month as contributions to the care of her family members. (Doc. 36, UST's Exhibit 3).

After considering the evidence in this case, the Court finds that the financial support provided by the Debtor to her family is an "additional" expense, beyond the amount entered on the Form. It appears undisputed that the Debtor is a primary source of support for at least five of her elderly or dependent relatives. The extent of the assistance that the Debtor provides to her family is substantial, and it is reasonable to expect that the amount of support that she provides may exceed the sum of $1,000.00 per month. Further, given the nature of the family members' disabilities, it appears that the need for the Debtor's support is permanent, and that the amount of the support is unlikely to decrease.

For these reasons, the Court finds that the Debtor's support of her disabled family

members is a special circumstance that rebuts the presumption of abuse under § 707(b)(2)(B) of the Bankruptcy Code.

### 2. The Debtor's medical conditions

Second, the Debtor has shown that she also pays significant additional amounts for the treatment of her own medical conditions.

With respect to her medical conditions, the parties stipulated:

16. The Debtor has health issues related to her spine. Three years ago, the Debtor had a disk replaced in her neck. The Debtor is now experiencing problems with a disk adjacent to the disk that was replaced. At this time, she is receiving a six-week course of physical therapy. It is unknown if physical therapy will be successful. If physical therapy is not successful, the Debtor may need to have injections. If injections are not successful, the Debtor may ultimately need a second surgery.

(Doc. 37, ¶ 16). At trial, the Debtor confirmed that she is currently undergoing therapy related to the disks in her neck, and that the treatment may escalate if her condition does not improve.

The Debtor also testified that she is diabetic, and that she has a stomach bypass. As a result of these conditions, the Debtor is required to take a number of prescription medications. (See Debtor's Exhibit 2).

Line 31 of Form B22A asked the Debtor to enter the total average monthly amount that she spends on health care, to the extent that the amount is not covered by her insurance plan with Blue Cross Blue Shield. (See Doc. 37, ¶ 17). The Debtor completed line 31 of Form B22A by stating that she pays the sum of $545.00 per month for health care expenses.

The Court finds that the Debtor suffers from serious medical conditions, and that her health conditions constitute special circumstances under § 707(b)(2)(B). The Debtor testified, for example, that her employment requires extensive travel, and that her conditions may adversely affect her ability to continue working. At the hearing in this case, the UST recognized that the Debtor's health issues are real. Although she has insurance coverage through her employer, the conditions create expenses and difficulties that are in addition to the expenses disclosed on Form B22A.

For these reasons, the Court finds that the Debtor's medical conditions are a special circumstance that rebut the presumption of abuse under § 707(b)(2)(B) of the Bankruptcy Code.

### Conclusion

The UST filed a Motion to Dismiss the Debtor's Chapter 7 case pursuant to § 707(b)(2) of the Bankruptcy Code.

Under § 707(b)(2)(A), Chapter 7 debtors are subject to a "means test" to evaluate whether they have the ability to pay their creditors. If the means test indicates that a debtor has the ability to pay his creditors, a presumption arises that his case is an abuse of the provisions of Chapter 7. Under § 707(b)(2)(B); however, the debtor may rebut the presumption of abuse by showing "special circumstances" regarding his income or expenses.

In this case, the means test completed by the Debtor shows annualized income in the amount of $107,123.88. After certain corrections are made to her expenses and deductions from income, the presumption arises under § 707(b)(2)(A) that her case is an abuse of the provisions of Chapter 7.

The Debtor has adequately rebutted the presumption pursuant to § 707(b)(2)(B), however, because she has demonstrated the existence of special circumstances that justify her payment of additional expenses not included on the means test. Specifical-

ly, the Debtor showed that she incurs additional expenses for the support of disabled family members, and also for the treatment of her own medical conditions, and that there is no reasonable alternative for the payment of the additional expenses.

For these reasons, the Court determines that the granting of relief to the Debtor would not be an abuse of the provisions of Chapter 7, and the UST's Motion to dismiss the case should be denied.

Accordingly:

**IT IS ORDERED** that the Motion of the Acting United States Trustee to Dismiss Pursuant to 11 U.S.C. Section 707(b)(1) based on Presumption of Abuse arising under 11 U.S.C. Section 707(b)(2) is denied.